Albert N. WOMACK *v.* Judy R. WOMACK

91-167                                   818 S.W.2d 958

Supreme Court of Arkansas
Opinion delivered November 18, 1991

*Hoover, Jacobs & Storey,* by: *Joyce Bradley Babin,* for appellant.

*Rice & Ogles, P.A.,* by: *John Ogles,* for appellee.

Steele Hays, Justice. When Albert and Judy Womack divorced in 1985 Albert Womack was ordered to pay $425 per month to Judy Womack as permanent alimony "in lieu of her right to receive said amount as a distribution of marital prop-

erty." The amount was one-half of Albert Womack's military disability compensation paid pursuant to 10 U.S.C. §§ 1201 and 1202 (1986) and 38 U.S.C. §§ 3104 and 3105 (1981).

From November 1988 through December 1990 Albert Womack paid nothing to Judy Womack and in July 1990 she petitioned the chancery court to find Albert Womack in contempt. He responded that he had received no income other than disability compensation during the period involved which, he contended, was not subject to division or alimony. Albert Womack moved to modify the award on the grounds that disability income is not subject to division or to an award of alimony.

The chancellor denied the motion to modify, found Mr. Womack in contempt and awarded Mrs. Womack a judgment for an arrearage of $19,402.25. On appeal Albert Womack contends his military disability retirement benefits are not divisible or payable to Mrs. Womack for alimony purposes. Finding no error, we affirm the order appealed from.

Mr. Womack reasons that because the chancellor looked only toward his disability pay and awarded alimony in lieu of a property division, the chancellor in actuality made a property division of his disability benefits in violation of the provisions of the federal Uniformed Services Former Spouses' Protection Act [10 U.S.C. § 1408 (1982 ed. and Supp. V)] (FSPA). The FSPA excludes such benefits from division in divorce where the retiree has waived military retirement pay in order to receive disability benefits, leaving state courts free to divide only "disposable" retirement pay in divorce suits. *Mansell* v. *Mansell*, 490 U.S. 581 (1989).

But we are not persuaded that simply because the order recites "in lieu of her right to receive said amount as a distribution of marital property" the chancellor made a property division in violation of the FSPA. The words are at most ambiguous and that being so we will presume them to be in conformity with the FSPA. *Pelham* v. *The State Bank*, 4 Ark. 202, 4 Pike 202 (1842). Where a judgment is ambiguous, it is the legal effect, rather than the mere language used, that governs. *Magnolia Petroleum Co., et al.* v. *Caswell, et al.*, 295 S.W. 653 (Tex. Ct. App. 1927). Moreover, whether the chancellor looked only to Mr. Womack's disability benefits in awarding alimony

some six years ago is not discernible from this record and inferences to be drawn from a judgment or decree are not dependent on express words. *Norrell* v. *Coulter*, 218 Ark. 870, 239 S.W.2d 280 (1951). While it is plain the chancellor took note of the disability benefits paid to Mr. Womack, the fact is he made an award of alimony and nothing more—he did not order a division and did not direct that alimony be withheld from Mr. Womack's benefits—and we do not think the gratuitous comment which accompanied the award converts it from alimony to a division of property.

We settled this issue for all practical purposes not long ago in *Murphy* v. *Murphy*, 302 Ark. 157, 787 S.W.2d 684 (1990). In *Murphy* we recognized that the FSPA excludes disability benefits from division or alimony in divorce and that one spouse is not entitled to direct payments for alimony under the FSPA. However, we said that does not prevent a chancellor from awarding alimony, nor does it mean that a military retiree is relieved of the payment of alimony. For similar holdings *see In re Marriage of Kraft*, 808 P.2d 1176 (1991); *Jones* v. *Jones*, 780 P.2d. 581 (Hawaii App. 1989). We believe the holding in *Murphy* v. *Murphy* was correct and we have no inclination to overturn it.

Affirmed.