Henry L. HAPNEY *v.* Renate E. HAPNEY

CA 91-204                                             824 S.W.2d 408

Court of Appeals of Arkansas
Division I
Opinion delivered February 26, 1992
[Rehearing denied April 1, 1992.]

*Thurman Ragar, Jr.*, for appellant.

*Davis & Cox*, by: *Hal W. Davis*, for appellee.

JAMES R. COOPER, Judge. The parties in the chancery case had been married for twenty-four years at the time of their divorce in November 1984. Under their divorce decree, the appellant's military retirement was found to be marital property and subject to division by the court. The appellee was awarded $300.00 per month as her equitable share of the military retirement. Subsequently, the appellant's Veterans Administration disability benefits were increased, causing a concomitant reduction in his military retirement pension, which is now only $400.00 per month. The appellant had arranged for the $300.00 per month payment to be made to the appellee directly by the Department of Military Retirement. After the appellant elected to take an increase in disability benefits, which caused his retirement benefits to be reduced to $400.00 per month, the direct payments to the appellee by the Department of Military Retirement were reduced to $200.00 per month pursuant to 10 U.S.C.A. § 1408(e)(1) (Supp. 1991). Consequently, the appellee filed a petition for contempt in the chancery court which had entered the decree of divorce. The chancellor found the appellant in contempt, entered a judgment for arrearages, and awarded attorneys' fees. From that decision, comes this appeal.

For reversal, the appellant contends that the chancellor erred in finding that the $300.00 per month payment was alimony; in taking jurisdiction to hear the appellee's contempt petition; and in failing to follow federal law which prohibits the court from taking action against the appellant. We find no error, and we affirm.

The appellant first contends that the chancellor erred in finding the $300.00 per month payment to be alimony. We find no merit in this contention because the record reflects that the chancellor made no such finding. Instead, the chancellor noted in his letter opinion that the parties entered into an agreement concerning the division of marital property which was incorporated into the divorce decree. The chancellor further found that the agreement required the appellant to pay the appellee $300.00 per month by the fifth day of each month, and that this amount was less than one-half of the military retirement that the appellee

was entitled to. Finally, the chancellor found that the appellee's agreement to accept less than the full amount of the military retirement to which she was entitled was made in consideration of the parties' overall property settlement, including issues relating to alimony and division of marital property. It is clear from our reading of the order appealed from that the chancellor never found the $300.00 per month payment at issue to be alimony, and we find no error on this point.

■ Next, the appellant contends that the chancellor lacked subject matter jurisdiction to hear the appellee's contempt petition. In essence, the appellant argues that there were no provisions in the 1984 divorce decree which would give the chancery court continuing jurisdiction, and that the appellee's remedy was to bring an action in circuit court based on the contract. We do not agree. The divorce decree did not reduce the amount owed by the appellant to the appellee to a sum certain, but instead required continuing payments in the amount of $300.00 per month. This continuing order was in the nature of a mandatory injunction, and the chancery court therefore retained jurisdiction with respect to this matter. *See Reves* v. *Reves*, 21 Ark. App. 177, 730 S.W.2d 904 (1987). The order to pay $300.00 per month to the appellee was an order to compel conduct, and our Supreme Court has recently held that a chancellor can enforce such an order, even if it is an order to pay money, by the contempt power so long as it is assured that the contempt power is not used unless the contemnor has the ability to pay. *Gould* v. *Gould*, 308 Ark. 213, 823 S.W.2d 890 (1992). The appellant in the case at bar does not contend that he is unable to pay, and we find no error on this point.

■ Finally, the appellant contends that the chancellor violated federal law by awarding the appellee military retirement pay waived by the appellant in order to receive Veteran's disability benefits. We find no merit to this contention. Although the United States Supreme Court has held that the Uniformed Services Former Spouse's Protection Act does not permit state courts to treat certain military retirement pay, waived by the retiree in order to receive (or increase) Veteran's disability benefits, as property divisible upon divorce, *Mansell* v. *Mansell*, 490 U.S. 581 (1989), the appellant's argument lacks merit because the record in the case at bar does not demonstrate that

the $300.00 per month award constituted a division of his Veteran's disability benefits. The divorce decree did not purport to award the appellee a portion of the appellant's disability benefits, but instead was limited to the appellant's military retirement benefits. Moreover, as noted earlier, in the order appealed from the chancellor found that the appellee's agreement to accept $300.00 per month, in lieu of the larger amount to which she was entitled, was made in consideration of concessions made in the parties' overall property settlement, including other matters relating to the division of marital property and alimony. Because the parties' original agreement, as submitted to the chancellor and incorporated into his decree, has not been included in the abstract before us, we are unable to determine the percentage of the $300.00 award which was based on military retirement benefits, as opposed to other consideration, or to say that the chancellor erred in so construing the agreement of the parties. Under these circumstances, we regard the chancellor's action as a clarification of the award which was originally intended, rather than a modification, and the appellant has presented no evidence demonstrating that the chancellor's interpretation is clearly erroneous. *See Ford* v. *Ford*, 30 Ark. App. 147, 783 S.W.2d 879 (1990). Based on this record, we cannot say that the chancellor's interpretation of the decree is clearly wrong, and we affirm.

Affirmed.

CRACRAFT, C.J., and DANIELSON, J., agree.