650 So.2d 1019 (1994)
Hoyt D. ALLEN, Appellant,
v.
Connie S. ALLEN, Appellee.
No. 94-01386.
District Court of Appeal of Florida, Second District.
December 28, 1994.
Rehearing Denied February 8, 1995.
W. Dale Gabbard of Guito & Gabbard, Tampa, for appellant.
James R. Kennedy, Jr., St. Petersburg, for appellee.
DANAHY, Acting Chief Judge.
The appellant (the husband) challenges an order awarding the appellee (the wife) $750 per month temporary alimony because it was computed by considering the husband's military retirement pay consisting principally of disability payments. The husband argues that federal law prohibits a state court from awarding alimony to a spouse which is determined by and payable from military retirement pay which has been designated as disability. We stress that this is the only issue raised by the husband on this appeal. For the reasons set forth below, we affirm.
The problem here arises from the provisions of 10 U.S.C. section 1408 (Supp. 1988). That section applies to the payment of "disposable retired pay" of a veteran to his or her spouse as part of a division of property, expressed in dollars or as a percentage of disposable retired pay. Section 1408(a)(4) states that the term "disposable retired pay" means monthly retired pay less any part of the retired pay designated as disability. In Mansell v. Mansell, 490 U.S. 581, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989), the Supreme Court held that section 1408 does not grant state courts the power to treat, as property divisible upon divorce, military retirement pay that has been waived to receive veteran's disability. This court followed Mansell in Fondren v. Fondren, 605 So.2d 571 (Fla. 2d DCA 1992). The appellant's argument is based on these decisions, which he says forbid using his disability retirement to measure his ability to pay alimony and as a source for the payment of alimony. The appellee argues otherwise, but she has cited no authority upholding her position.
Research reveals that there is such authority; a decision of the Supreme Court of Arkansas in Murphy v. Murphy, 302 Ark. 157, 787 S.W.2d 684 (1990), rejected the contention of a husband that the trial court erred in requiring him to pay alimony out of his disability benefits. The court noted that under 10 U.S.C. section 1408 (Supp. 1988) the wife was clearly not entitled to receive direct payments for alimony because the husband *1020 had no disposable retirement pay as defined thereunder. Nevertheless, the court said that this did not preclude the trial court from ordering the husband to pay alimony, and once awarded, the federal law does not relieve the husband from paying such alimony obligations. We note that the Fourth District Court of Appeal cited Murphy with approval in Day v. Day, 574 So.2d 324 (Fla. 4th DCA), review denied, 589 So.2d 290 (Fla. 1991).
We believe that the analysis in Murphy is correct. A reading of 10 U.S.C. section 1408(a) (Supp. 1988) reveals that Congress was speaking only of direct payments for alimony from a spouse's disability pay. That section does not preclude an award of alimony against the spouse receiving disability pay and, once awarded, does not relieve the paying spouse from paying such alimony obligations, even though (as in this case) most of the paying spouse's income consists of military retirement designated as disability.
Affirmed.
THREADGILL and QUINCE, JJ., concur.