## Alvin M. ASHLEY *v.* Kayoko ASHLEY

98-604                                    990 S.W.2d 507

Supreme Court of Arkansas
Opinion delivered April 29, 1999

*Bill E. Ross*, for appellant.

*Gardner Law Firm*, by: *Charles J. Gardner*, for appellee.

Tom Glaze, Justice. This case involves the Uniformed Services Former Spouses Protection Act [10 U.S.C. § 1408 (1982 ed. and Supp. V)] (hereafter USFSPA or Act) as discussed and interpreted by the Supreme Court in *Mansell v. Mansell*, 490 U.S. 581 (1989). After the USFSPA's enactment, Alvin M. and Kayoko Ashley were divorced on February 25, 1994. Under the court's decree, Kayoko was awarded, among other things, $90.00 per month in alimony, and as her share of marital property, one-half of Alvin's disposable retirement pay he

received under the Act as a result of his retirement from the United States Air Force. The chancellor set Kayoka's one-half share at $428.95, to be paid twice monthly. At the time of the parties' divorce, Alvin was rated 30% disabled and received veterans' disability benefits accordingly. Alvin disagreed with the disability rating and appealed, seeking an increase. The veteran's administration eventually increased Alvin's rating to 100%. As a result of this new rating, Alvin chose to waive his retirement pay so he could receive full disability benefits. Because Alvin's waiver reduced his disposable retirement pay to $30.00, the government stopped sending Kayoka the originally calculated one-half amount mandated in the parties' divorce decree.

Kayoko subsequently filed her complaint in the Mississippi County Chancery Court and requested reinstatement of the $428.25 disposable retirement previously ordered and for any arrearages found due her. Additionally, she asked for a cost of living adjustment (COLA) which she claimed had never been credited to her portion of Alvin's retirement pay. Alternatively, Kayoko pled that, if such relief was denied, her original alimony award should be increased. At the hearing on Kayoko's complaint, Alvin argued that the USFSPA and the *Mansell* decision precluded the court from enforcing the equitable division of his retirement pension, since he had waived those payments in order to receive veterans' disability payments. Relying on the court of appeals' decision in *Hapney v. Hapney*, 37 Ark. App. 100, 824 S.W.2d 408 (1992), the chancellor rejected Alvin's argument. Accordingly, he reinstated Kayoko's $428.25 payments, awarded her a judgment of $5,396.65 in arrears in such payments, and found she was entitled to COLA amounts totaling $257.25. Because the chancellor determined Kayoko was entitled to have her payments reinstated, the chancellor did not address her alternate request for an increase in alimony. Instead, the chancellor reduced Kayoko's monthly alimony payments to $60.00 until Alvin paid in full a debt he was found to owe the United States government. We hold the chancellor erred in enforcing Kayoko's originally assigned share of Alvin's disposable retirement pay.

■ In *Mansell*, the Court held that the USFSPA does not grant state courts the power to treat, as property divisible upon divorce, military retirement pay that has been waived to receive veterans' disability benefits. 490 U.S. at 595; *see also Murphy v. Murphy*, 302 Ark. 157, 158-159, 787 S.W.2d 684, 685, (1990); *Womack v. Womack*, 307 Ark. 269, 818 S.W.2d 958 (1991).[1] As pointed out by the *Mansell* court, the USFSPA defines the term "disposable retired or retainer pay" *to exclude, inter alia*, military retirement pay waived in order to receive veterans' disability payments. *See Mansell*, 490 U.S. at 589, footnote 9 (emphasis added); 10 U.S.C. § 1408(a)(4)(B). The Court further spelled out that the Act's legislative history does not indicate the reason for Congress' decision to shelter from community property law that portion of military retirement pay waived to receive veterans' disability payments, but it found the absence of such history is immaterial, considering the precise language of the statute. *Id.* at 592.

In the present case, the chancellor, in his original February 25, 1994 decree, cited § 1408(a)(4) in determining that Kayoko was entitled to her one-half share of Alvin's disposable retired pay, which then was $428.25 per pay period. However, as discussed above, under the Act, Kayoko is no longer entitled to the amount earlier awarded because Alvin's disposable retired pay was reduced when he waived his military retirement pay in order to receive veterans' disability payments.

Furthermore, we find the *Hapney* decision of the court of appeals (relied on by the chancellor) to be distinguishable from the instant case. There, the chancery court's original order awarded the wife an agreed monthly amount of $300.00, which was less than the amount to which she was ordinarily entitled when calculating her husband's disposable retired pay. The trial court continued the $300.00 amount after the husband's disability benefits were increased. The court of appeals upheld the chancellor's holding because the record failed to demonstrate the $300.00

---

[1] In order to prevent double dipping, a military retiree may receive disability benefits only to the extent that he waives a corresponding amount of his military retirement pay. *Mansell*, 490 U.S. at 585 (citing 38 U.S.C. § 3105).

award constituted a division of his veterans' disability benefits. *Hapney*, 37 Ark. App. at 103, 824 S.W.2d at 409-410. The *Hapney* court further stated that, because the parties' original agreement, as submitted to the chancellor and incorporated into his decree, had not been included in the abstract, it was therefore unable to determine the percentages of the $300.00 award which was based on military retirement benefits, as opposed to other considerations. *Id.*

■ In conclusion, having decided that the chancellor's decision must be reversed pursuant to the USFSPA and *Mansell*, such decision does not preclude the chancellor from considering on remand Kayoko's request for an increase in alimony. *See Womack*, 307 Ark. at 271, 818 S.W.2d at 959; *Murphy*, 302 Ark. at 159-160, 787 S.W.2d at 685-686; *see also Wilson v. Wilson*, 294 Ark. 194, 741 S.W.2d 640 (1987) (court found trial court erred in the award of certain property interests, and in reversing, directed the trial court to consider the alimony issue since any adjustment of the property might also affect the trial court's earlier decision on alimony). Also on remand, the chancellor should determine if Kayoko had received all of her share of retirement benefits and COLA to which she was entitled between the dates of the parties' divorce decree of February 24, 1994, and October 1, 1995, when Alvin's waiver of military retirement for disability benefits became effective.

For the above reasons, we reverse and remand.