IN THE SUPREME COURT OF 
TEXAS
 
════════════
No. 07-1065
════════════
 
 
Raoul Hagen, 
Petitioner,
 
v.
 
Doris J. Hagen, 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Fourth 
District of Texas
════════════════════════════════════════════════════
 
Argued January 14, 2009
 
 
            
Justice Brister, joined by 
Justice O’Neill and Justice Medina, dissenting.
            

            
The Court says this divorce decree did not divide VA disability pay, and 
even if it did it is binding because it was voidable 
rather than void. I disagree on both counts.
            
I would also try a little harder to find an alternative to today’s 
judgment, which allows an ex-husband to cut off a community asset awarded to his 
ex-wife. We should remand for Doris Hagen to pursue further proceedings; because 
the Court instead renders judgment against her, I respectfully dissent.
I. Did This Decree Divide VA Disability Pay?
            
Military retirement pay and Veterans Administration disability pay have 
different purposes and pedigrees.[1] Were we writing on a clean slate, I might 
agree that this decree dividing retirement pay did not divide VA disability 
pay. But we are not writing on a clean slate.
            
This Court held in 1990 in Berry v. Berry that a decree dividing 
military retirement pay did divide VA disability pay that arose later.[2] In Berry, we required a veteran to keep 
paying 25 percent of his total benefits to his ex-wife even after most of those 
benefits were converted to VA disability pay. The Court says that decree did not 
divide VA disability pay, but merely required that “the wife was to be paid an 
amount computed on the husband’s gross retirement pay before deductions.”[3] That is not what we said at the time, 
explicitly stating that the lower courts erred by “refusing to enforce the final 
divorce decree with respect to Veterans Administration disability benefits.”[4] And to avoid admitting that Berry divided VA disability pay, the Court 
reinterprets it as a provision for alimony, which Texas courts cannot 
award.[5] The Berry decree effectively divided 
VA disability pay, no matter how hard the Court tries to deny it.
            
The decree in Berry divided “Air Force disability retirement pay” 
while the decree here divided “Army Retirement Pay,”[6] but “disability retirement pay” is 
defined as “retirement pay,”[7] and the statute providing for it applies 
to all branches of the armed forces.[8] Because both decrees divided “retirement 
pay,” it is hard to see why the decree in Berry divided VA disability pay 
but the decree here did not. Indeed, that was the precise conclusion of the 
court of appeals.[9]
            
The Court says the decree here is different because it did not divide 
“gross” retirement pay, as the Berry decree did. But this 
decree awarded Doris Hagen a portion of “all Army Retirement Pay.” How 
can “all retirement pay” mean something less than “gross retirement pay”? Does 
“all income” mean less than “gross income”? Or “all sales” 
less than “gross sales”? The Court’s hypertechnical distinction between “all” and “gross” may 
lead to problems in many areas of the law.
            
The Court finds it significant that in Berry a monthly pay stub 
included figures for gross retirement pay and then a deduction for VA disability 
pay. But this observation depends on an anachronism: the statute deducting VA 
disability pay from gross retirement pay was enacted in 1982,[10] several years after the divorce 
decrees in Berry and this case. Whatever 
was meant by “gross” or “all” retirement pay in either decree, it did not 
include a statutory construct that existed only in the future.
            
At the time these decrees were signed, any military retirement pay 
(whether standard retirement pay or disability retirement pay) had to be waived 
dollar-for-dollar to receive VA disability pay.[11] If the Berry decree dividing 
retirement pay included amounts later waived to receive VA disability pay, then 
so did this decree. We must either follow Berry or overrule it. For the 
reasons stated next, we should overrule it.
II. Can a Court Divide Disability Pay Before Disability 
Occurs?
            
Federal law prohibits division of VA disability pay upon divorce.[12] But because we construed the Berry 
decree to apply to VA disability pay and that decree was not appealed, we 
held the decree could not be collaterally attacked as it was voidable rather than void.[13]
            
It is generally true that a divorce decree cannot be collaterally 
attacked on the ground that it improperly divided community property.[14] But any decree can be collaterally 
attacked if the court issuing it had no jurisdiction.[15] The decree in Berry falls 
under both rules.
            
Many cases discuss whether a judgment is void or voidable, but in fact a judgment can be both. If a plaintiff 
with no standing obtains a judgment for negligent infliction of emotional 
distress, the decree is both voidable (negligent 
infliction is not a valid claim) and void (standing is jurisdictional). If a 
defendant fails to appeal a default judgment by a court with neither personal 
jurisdiction nor proper venue, the judgment is again both void and voidable. If an appellate court issues an advisory opinion 
that misinterprets the law, its judgment is both void and voidable. In all these cases, the judgment can be 
collaterally attacked because it is void, even if the ground that renders it 
voidable cannot be reached.
            
I agree the Berry decree was voidable because it divided VA disability pay in violation 
of federal law. But it was also void because it divided VA disability pay before 
any disability existed, or anyone knew whether one ever would. Res judicata applies to issues 
that “were raised or could have been raised in the first action.”[16] When a veteran’s disability arises 27 
years after divorce (as was the case here), it could not possibly have been 
raised in the divorce because no one knew then if any disability would ever 
occur, much less when it would begin or how extensive it would be.
            
Courts cannot decide hypothetical claims.[17] Doing so violates the constitutional 
provisions for separation of powers and open courts.[18] A judgment dividing VA disability pay 
when no disability has yet occurred is void under the rules of both ripeness and 
standing.[19] Ripeness prohibits suits involving 
“uncertain or contingent future events that may not occur as anticipated, or 
indeed may not occur at all.”[20] Standing prohibits suits by those who 
are not personally aggrieved,[21] as would be true when a person’s 
ex-spouse suffers a disability after divorce.[22] Both ripeness and standing are 
components of subject-matter jurisdiction,[23] and thus can be raised in a collateral 
attack.[24]
            
Of course, divorce decrees often divide future retirement benefits if, 
as, and when received, including military retirement pay.[25] But pensions are a form of deferred 
compensation earned during marriage, and at the time of divorce constitute a 
contingent interest in property.[26] By contrast, post-divorce VA disability 
payments are not “earned” during marriage and “are not property.”[27]
            
“Neither this Court, nor the trial court, has the power 
to counsel a legal conclusion on a hypothetical or contingent set of 
facts.”[28] At the time of the divorce here and in 
Berry, 
the prerequisite for VA disability pay — a disability — was hypothetical. Other 
branches of government may decree that disability pay arising after divorce 
should be shared with a former spouse, but the courts cannot.[29] Accordingly, Berry 
incorrectly held that such a decree was voidable 
rather than void.
III. Can Waived Retirement Pay Be Recovered?
            
In most states, a divorce court can order alimony or child support paid 
from VA disability benefits.[30] But in community-property states like 
Texas (as 
already noted), a divorce court cannot divide VA disability pay because it is 
not assignable property.[31] This problem can be mitigated when 
disability occurs before divorce by considering VA disability pay in 
dividing all the other property between the spouses in a manner that is just and 
right.[32] But when disability occurs after 
divorce, a just-and-right division of retirement benefits may be rendered 
neither just nor right by allowing one party to cut off the other’s share of 
those benefits.[33]
            
“In most states, if a former service member unilaterally waives retired 
pay to receive VA disability pay, the courts will not stand idly by.”[34] Surely that should be the rule in 
Texas too. 
     The decree here did not just award Doris part of Raoul’s retirement 
pay; it also appointed him trustee of those funds for her use and benefit. As a 
result, it is hard to see how his decision to waive those funds did not breach 
his fiduciary duty as her trustee.[35] Nor is it clear why converting 
retirement pay to VA disability pay did not constitute conversion; while “money 
can be converted only if it is specifically identified and held in trust,”[36] this money was.
            
Of course, any judgment against Raoul could not 
be collected from his disability payments because they are exempt.[37] And they remain exempt after receipt so 
long as they are held in a form “readily available as needed for support and 
maintenance . . . and have not been converted into permanent investments.”[38] But if Raoul 
has other assets or funds from which such a judgment could be collected, there 
is no reason to prevent Doris from trying.[39]
            
While Doris pleaded conversion and 
breach of fiduciary duty in the trial court, she briefed neither when she 
appealed the trial court’s dismissal of her case. But she was relying on the 
continued validity of Berry v. Berry, under which she should prevail 
unless we overrule it. “When, as here, a party presents her case in reliance on 
precedent that has been recently overruled, remand is appropriate.”[40] Accordingly, rather than rendering 
judgment against Doris, I would overrule Berry and remand in the interest 
of justice for her to pursue alternate means.[41]
 
 
            
            
            
            
            
            
            
___________________________________
            
            
            
            
            
            
            
Scott Brister
            
            
            
            
            
            
            
Justice
 
OPINION 
DELIVERED: May 1, 2009
 






[1] 
See McCarty v. McCarty, 453 U.S. 210, 211-12 (1981).

[2] 
786 S.W.2d 672, 674 (Tex. 1990).

[3] 
___ S.W.3d___,___.

[4] 
Id. at 
672.

[5] 
See Stubbe v. Stubbe, 
733 S.W.2d 132, 133 (Tex. 1987) (“Court ordered 
alimony, available in most other jurisdictions, is not available in Texas as it contravenes Texas public policy.”).

[6] 
The decree here awarded Doris Hagen:
 
One-half 
of 18/20ths of all Army Retirement Pay or Military Retirement Pay, IF, AS, AND 
WHEN RECEIVED, and the Petitioner RAOUL HAGEN shall be a Trustee of the One-half 
of 18/20ths of all Army Retirement Pay or Military Retirement Pay, for the use 
and benefit of DORIS J. HAGEN, and shall pay the same immediately upon each 
receipt of the same, to DORIS J. HAGEN.
 
The decree in 
Berry v. Berry provided:
 
The 
parties agree that husband’s Air Force Disability Pay (“Retirement Pay”) is 
Community Property of husband and wife . . . . Husband shall . . . disburse to 
Wife monthly, as received, at a bank or other address of her choice, twenty-five 
percent (25%) of said Retirement Pay computed on the gross amount thereof before 
any deductions.

[7] 
See 10 U.S.C. § 1201(a) (“Retirement.--Upon a determination 
by the Secretary concerned that a member described in subsection (c) is unfit to 
perform the duties of the member’s office, grade, rank, or rating because of 
physical disability incurred while entitled to basic pay or while absent 
as described in subsection (c)(3), the Secretary may 
retire the member, with retired pay computed under section 1401 of 
this title . . . .”) (emphasis added); see also Ex 
parte Burson, 615 S.W.2d 
192, 193 (Tex. 1981) (referring to “Air Force 
disability retirement pay” as “military retirement pay”); Busby v. Busby, 
457 S.W.2d 551, 554 (Tex. 1970) (holding military disability pay 
should be treated as military retirement pay).

[8] 
See 10 U.S.C. § 1201(c).

[9] 
___ S.W.3d___,___.

[10] See Uniformed Services Former 
Spouses’ Protection Act, Pub. L. No. 97-252, 96 Stat. 730 
(1982).

[11] See Veterans Benefits Act, Pub. L. 
No. 85–857, 72 Stat. 1231 (1958) (codified at 38 U.S.C. § 5305).

[12] 38 U.S.C. § 5301(a)(1); McCarty v. McCarty, 453 U.S. 210, 211-12 (1981); Ex Parte Burson, 615 S.W.2d 192, 
196 (Tex. 
1981).

[13] 786 S.W.2d 672, 
673.

[14] Reiss v. Reiss, 118 S.W.3d 439, 443 
(Tex. 2003); Baxter v. Ruddle, 794 S.W.2d 761, 762–63 (Tex. 1990).

[15] Reiss, 118 S.W.3d 
at 443.

[16] Igal v. 
Brightstar Info. Tech. Group, Inc., 250 S.W.3d 78, 86 (Tex. 2008).

[17] DaimlerChrysler Corp. v. Inman, 252 
S.W.3d 299, 304 (Tex. 2008).

[18] Texas Dep’t of Transp. 
v. City of Sunset Valley, 146 S.W.3d 637, 646 
(Tex. 2004); Brown v. Todd, 53 S.W.3d 
297, 302 (Tex. 
2001); see Tex. Const. art. 
I, § 13 & art. II, § 
1.

[19] See Inman, 252 S.W.3d at 304-05 
(noting that, for standing, the claimant’s alleged injury must not be 
“hypothetical”); McAllen Med. Ctr., Inc. v. Cortez, 66 S.W.3d 227, 232 
(Tex. 2001) (“The ripeness doctrine avoids premature adjudication on a 
hypothetical set of facts.”).

[20] Perry v. Del Rio, 66 S.W.3d 239, 250 
(Tex. 2001) (quoting 13 Charles Alan 
Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure 
§ 3532, at 104 (2001 Supp.)); see also Waco Indep. Sch. Dist. v. Gibson, 22 S.W.3d 849, 851-52 (Tex. 
2000).

[21] Inman, 252 S.W.3d 
at 304-05.

[22] Cf. Tex. Fam. Code § 3.101 (“Each spouse 
has the sole management, control, and disposition of that spouse’s separate 
property.”); Chu v. Hong, 249 S.W.3d 
441, 444 (Tex. 
2008) (stating that “personal injury claims are the separate property of each 
spouse”).

[23] McAllen Med. Ctr., 66 S.W.3d at 
231 (noting “the constitutional requirement that the court of appeals have 
subject-matter jurisdiction, and both ripeness and standing are necessary 
components of that jurisdiction”).

[24] See Alfonso v. Skadden, 251 S.W.3d 52, 55 (Tex. 2008); Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71, 76 (Tex. 2000).

[25] Shanks v. Treadway, 110 S.W.3d 444, 446 (Tex. 2003); Cearley v. 
Cearley, 544 S.W.2d 661, 663 (Tex. 1976).

[26] Cearley, 
544 S.W.2d at 665.

[27] Ex parte Burson, 615 S.W.2d 192, 194 (Tex. 1981) (“Veterans 
Administration benefits . . . are not property.”); see 38 U.S.C. § 
5301.

[28] Waco Indep. 
Sch. Dist. 
v. Gibson, 22 S.W.3d 849, 853 (Tex. 
2000).

[29] See, e.g., Mayhew v. Town of 
Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998) (“Under the separation of powers 
doctrine, courts are without jurisdiction to issue advisory opinions because 
such is the function of the executive department, not the 
judiciary.”).

[30] See Rose v. Rose, 481 
U.S. 619, 630-32 (1987); 
Murphy v. Murphy, 787 S.W.2d 684, 685 (Ark. 1990); Allen v. Allen, 650 So. 
2d 1019, 1020 (Fla. Dist. Ct. App. 1994); In re Marriage of 
Anderson, 522 N.W.2d 99, 102 (Iowa Ct. App. 
1994); Wingard v. Wingard, 11 Pa. D. & C.4th 343, 345 
(1991).

[31] See 38 U.S.C. § 5301(a)(1).

[32] See Tex. Fam. Code § 7.001; U.S. v. 
Stelter, 567 S.W.2d 797, 798 (Tex. 1978); 
Limbaugh v. Limbaugh, 71 S.W.3d 1, 17 n.14 (Tex. App.—Waco 2002, no 
pet.); Rothwell v. Rothwell, 775 S.W.2d 888, 892 (Tex. App.—El Paso 1989, 
no writ); see also Maj. Mary J. Bradley, Calling for a Truce on the 
Military Divorce Battlefield: A Proposal to Amend the USFSPA, 168 Mil. L. Rev. 40, 116 (2001) (noting 
that when disability exists at time of divorce, “courts grant former spouses a 
form of support or property in lieu of what their share of the retired pay would 
have been if not for the disability determination”).

[33] See Michael T. Flannery, Military 
Disability Election and the Distribution of Marital Property Upon Divorce, 56 Cath. U. L. Rev. 297, 302 (2007); Brad 
M. LaMorgese & Robert E. Holmes, Jr., Division of Retirement Benefits: 
The Impact of Federal Preemption on Women in Texas, 7 Tex. J. Women & L. 207, 226 (1998) 
(describing this as “yet another inequity women in Texas are asked to 
bear”).

[34] Bradley, supra note 32, at 
116.

[35] Tex. Prop. Code § 114.001; see, 
e.g., Brownsville-Valley Reg’l Med. Ctr., Inc. 
v. Gamez, 894 S.W.2d 753, 756 (Tex. 1995); 
Henry I. Siegel Co., Inc. v. Holliday, 663 S.W.2d 824, 831 (Tex. 1984); 
Hamm v. Drew, 18 S.W. 434, 436 (Tex. 1892); Votzmeyer v. Votzmeyer, 964 S.W.2d 315, 325 (Tex. App.—Corpus 
Christi 1998, no pet.); Ex parte Rodriguez, 
636 S.W.2d 844, 846 (Tex. App.—San Antonio 1981, no writ).

[36] Chu v. 
Hong, 249 S.W.3d 441, 444 (Tex. 2008).

[37] 38 U.S.C. § 5301(a)(1).

[38] Porter v. Aetna Cas. & Sur. Co., 370 
U.S. 159, 162 
(1962).

[39] See Bradley, supra note 32, at 117-22.

[40] Twyman 
v. Twyman, 855 S.W.2d 619, 626 (Tex. 1993).

[41] See Tex. R. App. P. 
60.3.