MAIN, Justice.
This petition for a writ of mandamus results from an appeal of an arbitration award. We ordered answer and briefs to review whether the Calhoun Circuit Court, by setting the case for a jury trial before a judgment had been entered on the arbitration award, had improperly deviated from the procedure for the appeal of an arbitration award established by Rule 71B, Ala. R. Civ. P. Because the issue raised in the *1111 mandamus petition is now moot, we deny the petition.
On February 12, 2014, Jeremy J. Gowan filed this action in the Calhoun Circuit Court against Cavalier Home Builders, LLC, d/b/a Buccaneer Homes ("Buccaneer"),[1] Minton Industries, Inc. ("Minton"), Monster Movers, LLC ("Monster Movers"), Jerry Dudley, and Britt Richards. Buccaneer, Dudley, Richards, and Minton moved to compel arbitration based on an arbitration agreement Gowan had signed relating to the sale of a manufactured home. Although Monster Movers was not a party to the arbitration agreement, Gowan's claims against Monster Movers were submitted to arbitration by consent of the parties. While the arbitration proceeding was pending, Monster Movers entered into a joint dismissal with Gowan. The case proceeded to arbitration against the remaining defendants.
On June 2, 2017, the arbitrator issued an award in favor of Gowan and against Buccaneer in the amount of $10,000. As to Gowan's claims against all other remaining defendants, the award was adverse to Gowan.
On June 29, 2017, Gowan filed an appeal in the Calhoun Circuit Court, pursuant to Rule 71B, of the arbitration award, including the $10,000 award against Buccaneer, apparently on the basis that the award was insufficient. Rule 71B(f) provides the following procedure to be followed once an appeal of an arbitration award is filed:
"(f) Procedure After Filing. The clerk of the circuit court promptly shall enter the award as the final judgment of the court. Thereafter, as a condition precedent to further review by any appellate court, any party opposed to the award may file, in accordance with Rule 59, a motion to set aside or vacate the judgment based upon one or more of the grounds specified in Ala. Code 1975, 6-6-14, or other applicable law.... The disposition of any such motion is subject to civil and appellate rules applicable to orders and judgments in civil actions."
The circuit clerk did not immediately enter the arbitration award as the final judgment of the court. Buccaneer filed a motion to dismiss the appeal on the basis that Gowan had not filed with the circuit court a complete copy of the record in the arbitration proceeding. The circuit court, on July 20, 2017, entered an order, among other things, directing Gowan to file the necessary record within 15 days. On August 21, 2017, Gowan filed a postjudgment motion to set aside or vacate the arbitration award pursuant to Rule 59(e), Ala. R. Civ. P. Gowan's motion noted that the clerk had yet to record the award as the final judgment but requested that, "[w]hen the clerk does so, [Gowan] prays that this Court will treat and regard this Rule 59(e) motion as filed in accordance with ... the language of Rule 71B, Ala. R. Civ. P." Indeed, this Court has held that a postjudgment motion filed before the entry of a final judgment "becomes effective when the judgment is entered." New Addition Club, Inc. v. Vaughn, 903 So.2d 68, 72 (Ala. 2004).
On May 4, 2018, the circuit court, before the arbitration award had been entered as a judgment of the court and without ruling on Gowan's Rule 59(e) motion, set the case for a September 24, 2018, jury trial. That jury-trial setting prompted Buccaneer to file this petition for a writ of mandamus on June 15, 2018.[2]
*1112 On May 9, 2018, the clerk of the circuit court entered the arbitration award as a final judgment of the court. Thus, although Gowan's Rule 59(e) motion was initially premature, that motion " 'quickened on the day that judgment was entered.' " Jakeman v. Lawrence Grp. Mgmt. Co., 82 So.3d 655, 658 (Ala. 2011) (quoting Miller v. Miller, 10 So.3d 570, 572 (Ala. Civ. App. 2008) ). Under Rule 59.1, Ala. R. Civ. P., the circuit court had 90 days to rule on Gowan's Rule 59 motion.[3] Because it did not do so, Gowan's motion was denied by operation of law on August 7, 2018.
Because Gowan's postjudgment motion has been denied by operation of law, the circuit court has no jurisdiction to enter any further orders in this case. Honea v. Raymond James Fin. Servs., Inc., 240 So.3d 550, 558 (Ala. 2017) ("When a postjudgment motion is denied by operation of law, the trial court 'is "without jurisdiction to enter any further order in [the] case after that date." ' ")(quoting Ex parte Limerick, 66 So.3d 755, 757 (Ala. 2011), quoting in turn Ex parte Davidson, 782 So.2d 237, 241 (Ala. 2000) ). Here, a final judgment has been entered and postjudgment relief has been denied by operation of law. There is nothing further for the circuit court to do in this matter, and it has no jurisdiction to reset the case for a jury trial. Accordingly, the question whether Rule 71B permits a jury trial under the circumstances as presented in this petition for a writ of mandamus is now moot.
"[M]andamus will not issue in a case where the underlying issue has become moot." Ex parte Talladega Little League, Inc., 556 So.2d 386, 387 (Ala. 1990). Accordingly, the petition for a writ of mandamus is due to be denied.
PETITION DENIED.
Stuart, C.J., and Bolin, Parker, Shaw, Wise, Bryan, Sellers, and Mendheim, JJ., concur.

Cavalier Home Builders, LLC, was initially identified in Gowan's complaint as "Clayton Homes d/b/a Buccaneer Homes."

On July 24, 2018, this Court directed the respondents to answer Buccaneer's petition.

Rule 59.1 applies to a Rule 59 motion filed under the provisions of Rule 71B. See Rule 71B(f) ("The disposition of any such [Rule 59 ] motion is subject to civil and appellate rules applicable to orders and judgment in civil actions."). No extension of the 90-day period appears on the record. The circuit court did grant a motion to stay pending the outcome of this mandamus petition, but the stay was expressly limited only to the trial setting. The order provided that "[t]he stay shall not be of the circuit court proceedings generally; rather it shall only apply to the trial setting in this cause."