On March 24, 1989, the Russell County Circuit Court divorced Edwin A. Billeck (the husband) and Hellene M. Billeck (the wife). The divorce judgment incorporated a settlement agreement between the husband and the wife. The settlement agreement provided that the husband would pay the wife periodic alimony as follows:
 "4. PAYMENT OF PERIODIC ALIMONY: The Husband agrees to pay to Wife his monthly U.S. Army retirement check. Said alimony is payable until the Wife dies, remarries or cohabitates with a member of the opposite sex. Any modification of this provision shall be *Page 107 
only by written agreement of the parties or by order of the Court after due notice and hearing."
At the time of the divorce, the husband received monthly military retirement benefits of $1,359.20. He paid the wife that amount as periodic alimony for 10 years. In 1995, upon the husband's petition to reduce the amount of his periodic alimony obligation, the trial court denied any reduction. In January 1998, the husband was declared partially disabled. He began receiving veteran's disability payments, accompanied by a corresponding reduction in his military retirement benefits. Thereafter, the husband received monthly veteran's disability benefits of $593.20 and monthly military retirement benefits of $766; and he paid the wife $766 per month as periodic alimony.
On March 25, 1998, the wife filed a "Petition for Modification and Rule Nisi," wherein she requested the trial court to order the husband to pay her his monthly veteran's disability benefits in addition to his military retirement benefits, as periodic alimony. Additionally, the wife requested the trial court to order the husband to pay her a periodic alimony arrearage of $1,186.40. After an ore tenus proceeding, the trial court ordered the husband to pay $2,996 as a periodic alimony arrearage and $2,500 as an attorney fee. The trial court also ordered the husband to pay the wife as periodic alimony his monthly veteran's disability benefits of $593.20 in addition to his monthly military retirement benefits of $766.
Upon the husband's appeal, the Court of Civil Appeals affirmed the judgment of the trial court. Billeck v. Billeck,777 So.2d 130 (Ala.Civ.App. 1999). The Court of Civil Appeals agreed with the trial court's reasoning that to allow the husband to reduce his periodic alimony obligation by applying for veteran's disability benefits would, in effect, void the agreement of the parties. Petitioning this Court for certiorari review, the husband argued that the trial court erred in ordering him to pay his veteran's disability benefits to the wife inasmuch as federal law,10 U.S.C. § 1408(a)(4), excludes veteran's disability benefits paid in lieu of retirement pay from marital property subject to division in a divorce action. We granted certiorari review to determine whether the trial court's order violates federal law.
A trial court may modify an obligation of periodic alimony if changed circumstances of the parties justify such a modification; and, in doing so, the trial court does not void the agreement of the parties because the merger of the agreement into the final divorce judgment has already eliminated its contractual nature. Ex parte Owens, 668 So.2d 545 (Ala. 1995); Price v. Price,705 So.2d 488 (Ala.Civ.App. 1997); Kirkpatrick v. State,500 So.2d 488 (Ala.Civ.App. 1986). However, a trial court's decision to modify a divorce judgment may not contradict or violate federal law. The United States Supreme Court has stated that a state divorce judgment, "like other law governing the economic aspects of domestic relations, must give way to clearly conflicting federal enactments." Ridgway v. Ridgway, 454 U.S. 46, 55 (1981). See Metropolitan Life Ins. Co. v. Potter, 533 So.2d 589, 592
(Ala. 1988).
In 1982, Congress enacted the Uniformed Services Former Spouses' Protection Act (FSPA), 10 U.S.C. § 1408 (1982 ed. and Supp. V), authorizing state courts to treat "disposable retired pay" as divisible marital property in a divorce action. That Act, however, excludes from the definition of "disposable retired pay" any amounts waived by the retiree in order to receive veteran's disability benefits. § 1408(a)(4)(B). See 38 U.S.C. § 310
(wartime disability) and § 331 (peacetime disability). Section 1408(e)(6) of the FSPA provides further that:
 "[n]othing in this section shall be construed to relieve a member of liability for the payment of alimony, child support, *Page 108 
or other payments required by a court order on the grounds that payments made out of disposable retired pay under this section have been made in the maximum amount permitted under [the act]. . . ." (Emphasis added.)
In 1989, the United States Supreme Court, interpreting the FSPA, held that, although the FSPA authorizes state courts to treat "disposable retired pay" as divisible community property, it specifically limits the state courts from treating veteran's disability benefits received in lieu of retirement pay as divisible community property. Mansell v. Mansell, 490 U.S. 581
(1989). In Mansell, the husband and the wife reached a property settlement agreement which was merged into the divorce judgment. That agreement provided, in part, that the husband would pay the wife 50% of his total military retirement pay, including the retirement pay that he had waived to receive veteran's disability benefits. Thereafter, the husband petitioned the trial court to modify the divorce judgment by removing the provision which required him to pay 50% of his total retirement pay to the wife. He argued that federal law preempted state courts from treating military retirement pay waived to receive veteran's disability benefits as community property.[1] The Mansell court found that the plain language of § 1408(c)(1) clearly precluded states from treating as community property retirement pay waived by the retiree so he may receive veteran's disability benefits.[2]
Following the mandates of § 1408 and Mansell, this Court has recognized that "disposable military retirement benefits, as defined by 10 U.S.C. § 1408(a)(4), accumulated during the course of the marriage constitute marital property and, therefore, are subject to equitable division as such." Ex parte Vaughn,634 So.2d 533, 536 (Ala. 1993). Contrary to § 1408 and Mansell, however, Alabama courts have held that a trial court may consider veteran's disability benefits as a source of income in an award of periodic alimony. Mims v. Mims, 442 So.2d 102 (Ala.Civ.App. 1983); Lott v. Lott, 440 So.2d 1090 (Ala.Civ.App. 1983); and Pedigo v. Pedigo, 413 So.2d 1154 (Ala.Civ.App. 1981), cert. quashed,413 So.2d 1157 (Ala. 1982). Like Alabama, other state courts have found that, although § 1408 and the Mansell decision prohibit direct payments of alimony from veteran's disability benefits received in lieu of retirement pay, those veteran's disability benefits may be considered in determining an award of alimony. Allen v. Allen, 650 So.2d 1019 (Fla.Dist.Ct.App. 1994); Womack v. Womack, 307 Ark. 269, 818 S.W.2d 958 (1991); Murphy v. Murphy, 302 Ark. 157, 787 S.W.2d 684 (1990); and Repash v. Repash,148 Vt. 70, 528 A.2d 744 (1987).
The Mansell decision and § 1408 clearly manifest the intent of the federal law that a retiree's veteran's disability benefits be protected from division or assignment. Alabama courts and other state courts have circumvented the mandates of the Mansell decision and § 1408 by allowing trial courts to consider veteran's disability benefits in awarding alimony. The *Page 109 
state courts have reasoned that, as long as the trial court does not order the husband directly to pay his veteran's disability benefits to the wife, the trial court does not violate § 1408. This reasoning is flawed. When a trial court makes an alimony award based upon its consideration of the amount of veteran's disability benefits, the trial court essentially is awarding the wife a portion of those veteran's disability benefits; and in doing so the trial court is violating federal law. Mansell, supra, and § 1408. Thus, this Court overrules Mims, Lott, and Pedigo to the extent that these cases violate federal law prohibiting the division or assignment of a retiree's veteran's disability benefits received in lieu of retirement pay.
In the case before us, the trial court ordered the husband to pay the wife "all of his military retirement pay received as a result of his United States Army military service from whatever source, be it defined as military retirement pay or VA disability." The trial court stated further, "For the purpose of this Order, VA disability [benefits] shall be considered as part of his military retirement pay." The trial court's order directly contradicts the plain language of § 1408 and the Mansell decision which provide that veteran's disability benefits are not considered disposable military retirement pay subject to division or assignment. Thus, the trial court's order violates federal law.
Moreover, the agreement incorporated into the divorce judgment provides that the husband will pay the wife his "monthly U.S. military retirement check" as periodic alimony.[3] The husband has complied with the literal language of the judgment by paying the wife his entire military retirement benefits. No specific amount of alimony is stated in the agreement. The agreement does not contain an indemnification provision to protect the monthly sum the wife would receive should the husband's military retirement benefits be reduced. See Abernethy v. Fishkin, 699 So.2d 235 (Fla. 1997) (an indemnification provision in the settlement agreement saved the wife's entitlement to 25% of the husband's military retirement pay by preventing the husband from taking any course of action, like electing to receive veteran's disability benefits in lieu of retirement pay, that would reduce the wife's payments).
The trial court erred in ordering the husband to pay his veteran's disability benefits to the wife. Consequently, the Court of Civil Appeals erred in affirming the judgment of the trial court. Thus, the judgment of the Court of Civil Appeals is reversed and this cause is remanded to that court for entry of a judgment consistent with this opinion.
REVERSED AND REMANDED.
Hooper, C.J., and Maddox, Houston, Cook, and England, JJ., concur.
Brown, J., concurs specially.
See and Lyons, JJ., concur in the result.
[1] Specifically, the husband argued that 38 U.S.C. § 3101(a), which provides, in pertinent part, that
 "[p]ayments of benefits due or to become due under any law administered by the Veterans' Administration shall not be assignable except to the extent specifically authorized by law, and such payments . . . shall be exempt from the claim of creditors and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary,"
protected veterans' disability benefits from division in a divorce action.
[2] Because the Mansell court determined that § 1408 protects veterans' disability benefits received in lieu of retirement pay from division as marital property, the court did not discuss whether the anti-attachment clause of § 3101(a) independently protects veterans' disability benefits from division in a divorce action.
[3] Although the husband agreed to pay his entire military retirement check as periodic alimony, 10 U.S.C. § 1408(e)(1), provides that court ordered alimony, child support. or division of property payments may not exceed 50% of the retiree's disposable retirement pay.