THOMPSON, Judge.
Frederick Smallwood, the husband, appeals from a judgment of divorce. The judgment incorporated the terms of a settlement agreement he and his wife of 29 years, Kathleen Smallwood, had executed. On appeal he raises one issue' — whether *536 the trial court erred in ordering him to pay his entire military-retirement benefits to the wife, because, he says, such an order contravenes 10 U.S.C. § 1408(e)(1), which provides that court-ordered alimony, child support, or property-division payments may not exceed 50% of the retiree’s disposable retirement benefits. We reverse and remand.
No testimony was presented to the trial court. In the first paragraph of its judgment, the trial court incorporated the settlement agreement between the husband and the wife. The trial court awarded the wife, as a division of marital property, all of the husband’s military retirement. The judgment also included an indemnification provision to ensure that the monthly sum the wife would receive would not be reduced in the event the husband’s military-retirement benefits were reduced as a consequence of his receiving disability benefits. In a later provision, the trial court reserved the issue of future periodic alimony, but did not order the husband to pay periodic alimony to the wife. The husband filed a postjudgment motion, in which he argued that the judgment was invalid because, he said, it violated federal law, specifically 10 U.S.C. § 1408(e)(1), which limits to 50% the amount of military-retirement benefits that can be paid as alimony, child support, or property division. The trial court denied the post-judgment motion; this appeal followed.
A trial court’s ruling on a question of pure law carries no presumption of correctness; this court’s review on a purely legal issue is de novo. Ex parte Graham, 702 So.2d 1215, 1221 (Ala.1997).
In 1982, the Uniformed Services Former Spouses’ Protection Act (“FSPA”), 10 U.S.C. § 1408 (1982 ed. and Supp. V), was enacted, authorizing state courts to treat “disposable retired pay” as divisible marital property in a divorce action. The FSPA, however, provides that court-ordered alimony, child support, or property-division payments may not exceed 50% of the retiree’s disposable retirement pay. 10 U.S.C. § 1408(e)(1). In 1989, the United States Supreme Court interpreted the FSPA as excluding a veteran’s disability benefits from divisible community property set forth at § 1408(a)(4)(B). Mansell v. Mansell, 490 U.S. 581, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989). The Mansells’ divorce judgment incorporated the terms of their settlement agreement, providing that the husband would pay the wife 50% of his military-retirement pay, including any retirement pay he waived in order to receive veteran’s disability benefits. The Mansell Court concluded that § 1408(c)(1) clearly precluded states from treating as community property retirement pay a retiree waives in order to receive disability benefits.
Kathleen Smallwood argues that the “savings clause” set forth at 10 U.S.C. § 1408(e)(6) of the FSPA authorizes state courts, in their discretion, to exceed this 50% limitation in alimony, child-support, or property-division awards. This provision states:
“[Njothing in this section shall be construed to relieve a member of liability for the payment of alimony, child support, or other payments required by a court order on the grounds that payments made out of disposable retired pay under this section have been made in the maximum amount permitted under [the FSPA],...”
We conclude that the wife incorrectly relies on this provision as authority for a state court to exceed, in a divorce judgment, the 50% limitation on an award of disposable military retirement pay.
Our supreme court recently reviewed a divorce judgment awarding the wife “all of [the husband’s] military retirement pay received as a result of his United States *537 Army military service from whatever source, be it defined as military retirement pay or VA disability.” Ex parte Billeck, 777 So.2d 105, 109 (Ala.2000). The Billeck Court concluded that the judgment violated federal law by contradicting the plain language of § 1408(a)(4)(B) and that it was contrary to Mansell, which held that veteran’s disability benefits could not be included as disposable military-retirement pay that may be treated as divisible community property. In dicta, the Billeck Court noted that the amount of the judgment also exceeded the 50% limitation on disposable military pay that can be considered as divisible community property. 10 U.S.C. § 1408(e)(1); 777 So.2d at 109 n. 8. The Billeck Court considered the language of § 1408(e)(6), the provision Kathleen Small-wood refers to as the “savings clause,” and the Court quoted a portion of that provision in its opinion. However, although the Billeck Court did not expressly interpret that provision, it did not treat the clause as permitting a state court to exceed the maximum 50% limit on disposable retirement benefits when awarding child support and alimony, or making a property division in a divorce judgment.
This court has traditionally held that statutory prohibitions against the division of military benefits did not extend to a judgment incorporating the voluntary agreement of the parties. See Barber v. Barber, 684 So.2d 150 (Ala.Civ.App.1996); and Williams v. Williams, 581 So.2d 1116 (Ala.Civ.App.1991). In its recent decision in Ex parte Billeck, supra, our supreme court has cast doubt upon this principle. The Billeck Court reviewed a judgment that had incorporated a voluntary agreement between the parties; nevertheless, it reversed that judgment. The Billeck Court did not expressly overrule the principle that prohibitions against a court’s dividing military benefits did not extend to judgments that incorporated the parties’ voluntary agreement. However, we must infer from Billeck that these statutory prohibitions now extend to a voluntary property settlement merged into a trial court’s divorce judgment.
We conclude that the judgment in the present case violates 10 U.S.C. § 1408(e)(1), and that it therefore must be reversed. This court has held that matters such as alimony, property settlement, and child support are interrelated. Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App.1987). We are remanding this case for the trial court to review the judgment in its entirety, including all provisions pertaining to property division and periodic alimony, and to enter a divorce judgment reflecting an equitable arrangement. The wife’s request for an attorney fee on appeal is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.