THOMPSON, Presiding Judge.
Richard Lewis Nelms (“the husband”) appeals from the judgment of the Chilton Circuit Court divorcing him from Debra Ann Nelms (“the wife”). The judgment divided the parties’ marital property, ordered the husband to pay the wife $900 a month in periodic alimony, and ordered the husband to pay the wife $3,208 for her attorney fee and court costs in this action. The husband appealed.
Because the issues on appeal involve questions of law, we set forth only a brief recitation of the relevant facts. The record indicates that, at the trial of this action, the wife testified that the husband, who had served in the military in Vietnam, “has a disability from the military.” She said that the husband has schizophrenia and “shell shock.” The husband receives a monthly disability payment of $2,833 from the United States Department of Veterans Affairs (“VA”). There is no indication in the record as to whether the husband re *1230 ceives that payment in lieu of military retirement pay. He also receives $445 each month in Social Security disability income. The wife testified that, in addition to his disability income, the husband earns some income from the occasional sale of vegetables, but the record does not reflect how much money the husband receives from those sales.
The husband contends that the trial court abused its discretion by awarding the wife periodic alimony because, he said, the alimony necessarily would have to be paid out of his VA disability benefits. He asserts that, under federal law, such benefits cannot be used to pay alimony. In support of his argument, the husband cites 38 U.S.C. § 5301, the “anti-attachment” statute pertaining to VA disability benefits, and Ex parte Billeck, 777 So.2d 105 (Ala.2000), in which our supreme court followed the United States Supreme Court’s opinion in Mansell v. Mansell, 490 U.S. 581, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989).
In Mansell, the Supreme Court was called upon to determine whether the Uniformed Services Former Spouses’ Protection Act (“FSPA”), 10 U.S.C. § 1408, excluded a veteran’s disability benefits that are paid in lieu of military retirement pay from marital property subject to division in a divorce action. Id at 586. The Supreme Court held that the plain language of § 1408(c)(1), when read in conjunction with § 1408(a)(4)(B), which defines “disposable retired pay,” specifically precludes states from treating as community property a veteran’s disability benefits that are paid in lieu of military retirement benefits. Id. at 589. In reaching that conclusion, the Supreme Court explicitly stated: “Because we decide that the [FSPA] precludes States from treating as community property retirement pay waived to receive veterans’ disability benefits, we need not decide whether the anti-attachment clause, § 3101(a),[1] independently protects such pay.” Id. at 587 n. 6 (emphasis added).
In Ex parte Billeck, supra, our supreme court recognized the holding in Mansell, i.e., that a veteran’s disability benefits received in lieu of military retirement benefits are not divisible as community property, that is, property that can be divided on the dissolution of a marriage, and held that § 1408 and Mansell prohibit direct payment of alimony from a veteran’s disability benefits received in lieu of military retirement benefits. Billeck, 777 So.2d at 108-09. In fact, in Billeclc our supreme court went even further and held that our state courts are precluded from even considering a veteran’s disability benefits received in lieu of military retirement benefits when making an award of alimony. Id. at 109.
In this case, however, the husband makes no contention that the VA disability benefits at issue are received in lieu of military retirement benefits. There is no evidence in the record on appeal indicating that the husband is receiving VA disability benefits in lieu of military retirement benefits. Accordingly, Billeck and Mansell do not apply in this case.
It does not appear that Alabama courts have decided the issue whether a veteran’s
*1231 disability benefits that are not paid in lieu of military retirement benefits, and, therefore, are not subject to the FSPA, which was the basis for the holdings in Billeck and Mansell, may be awarded as alimony for spousal support. We find the United States Supreme Court’s opinion in Rose v. Rose, 481 U.S. 619, 107 S.Ct. 2029, 95 L.Ed.2d 599 (1987), to be controlling in this situation. The issue in Rose was whether § 5301(a) precluded the use of a veteran’s disability benefits to satisfy that veteran’s child-support obligation. That statute, the “anti-attachment” statute pertaining to VA disability benefits, provides, in pertinent part:
“(a)(1) Payments of benefits due or to become due under any law administered by the Secretary [of Veterans Affairs] shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary.”
38 U.S.C. § 5301.
In Rose, the Supreme Court explained: “Though the legislative history for this provision [38 U.S.C. § 3101(a), now 38 U.S.C. § 5301(a) ] is also sparse, it recognizes two purposes: to ‘avoid the possibility of the [VA] ... being placed in the position of a collection agency’ and to ‘prevent the deprivation and depletion of the means of subsistence of veterans dependent upon these benefits as the main source of their income.’ S.Rep. No. 94-1243, pp. 147-148 (1976), U.S. Code Cong. & Admin. News 1976, pp. 5241, 5369, 5370. Neither purpose is constrained by allowing the state court in the present ease to hold appellant in contempt for failing to pay child support. The contempt proceeding did not turn the Administrator [of the VA] into a collection agency; the Administrator was not obliged to participate in the proceeding or to pay benefits directly to appellee. Nor did the exercise of state-court jurisdiction over appellant’s disability benefits deprive appellant of his means of subsistence contrary to Congress’ intent, for these benefits are not provided to support appellant alone.
“Veterans’ disability benefits compensate for impaired earning capacity, H.R. Rep. No. 96-1155, p. 4 (1980), U.S. Code Cong. & Admin. News 1980, p. 3307, and are intended to ‘provide reasonable and adequate compensation for disabled veterans and their families.’ S. Rep. No. 98-604, p. 24 (1984) (emphasis added), U.S. Code Cong. & Admin. News 1984, pp. 4479, 4488. Additional compensation for dependents of disabled veterans is available under 38 U.S.C. § 315 [now 38 U.S.C. § 1115], and in this case totaled $90 per month for appellant’s two children. But the paucity of the benefits available under § 315 [now § 1115] belies any contention that Congress intended these amounts alone to provide for the support of the children of disabled veterans. Moreover, ... Congress clearly intended veterans’ disability benefits to be used, in part, for the support of veterans’ dependents.”
Rose, 481 U.S. at 630-31 (second emphasis added).
After distinguishing the situation at issue in Rose from the situations at issue in several cases involving veterans’ benefits that Congress had intended to be for the exclusive benefit of the disabled veterans, the Rose Court continued:
“Congress has not made appellant the exclusive beneficiary of the disability benefits. As we have demonstrated, *1232 these benefits are intended to support not only the veteran, but the veteran’s family as well. Recognizing an exception to the application of [the] prohibition [in 38 U.S.C. § 3101(a), now 38 U.S.C. § 5301(a) ] against attachment, levy, or seizure in this context would further, not undermine, the federal purpose in providing these benefits. Therefore, regardless of the merit of the distinction between the moral imperative of family support obligations and the businesslike justifications for community property division, we conclude that § 3101(a) [now § 5301(a) ] does not extend to protect a veteran’s disability benefits from seizure where the veteran invokes that provision to avoid an otherwise valid order of child support.”
Rose, 481 U.S. at 634 (emphasis added).
The Rose Court found support for its holding by comparing veterans’ disability benefits with disability benefits awarded under the Social Security Act, noting: “Congress had amended the Social Security Act to authorize garnishment of certain federal benefits, including railroad retirement annuities, for spousal and child support but not for community property divisions.” Id. at 632 n. 6.
Relying on the holding in Rose, the majority of state courts that have considered the issue have determined that a state court can consider, and use, VA disability benefits as a source of income when awarding alimony. See, e.g., In re Marriage of Morales, 230 Or.App. 132, 138-39, 214 P.3d 81, 85 (2009) (holding that VA disability payments may be considered as income in awarding spousal support), and the cases cited therein: Murphy v. Murphy, 302 Ark. 157, 159, 787 S.W.2d 684, 685 (1990) (stating that nothing in federal law relieved former husband, whose income consisted of VA disability payments, from paying spousal support); Riley v. Riley, 82 Md.App. 400, 410, 571 A.2d 1261, 1266 (1990) (VA disability benefits may be considered as resource for purposes of setting alimony award); Steiner v. Steiner, 788 So.2d 771, 778 (Miss.2001) (same); Holmes v. Holmes, 7 Va.App. 472, 485, 375 S.E.2d 387, 395 (1988) (same); and Weberg v. Weberg, 158 Wis.2d 540, 544-45, 463 N.W.2d 382, 384 (Ct.App.1990) (same); see also Clauson v. Clauson, 831 P.2d 1257, 1263 n. 9 (Alaska 1992) (stating in dicta that a “state court is clearly free to consider post-divorce disability income and order a disabled veteran to pay spousal support even where disability benefits will be used to make such payments”); and Davis v. Davis, 111 S.W.2d 230, 232 (Ky.1989) (noting that, although VA disability benefits were not divisible as property, courts could resolve an inequitable property division with a spousal-support award).
Based on the rationale expressed in Rose, we hold that a spouse whose income includes VA disability benefits can be ordered to pay periodic alimony, even when all or a portion of the alimony necessarily will be paid from those benefits.[2] Accordingly, we hold that the trial court did not err in ordering the husband to pay *1233 alimony of $900 each month, although at least a portion of that payment will be made from the husband’s VA disability benefits.
The husband contends that the trial court abused its discretion in ordering him to pay the wife’s attorney fee and expenses out of his VA disability payments. Again relying on 38 U.S.C. § 5301(a), he asserts that VA disability payments made to a disabled veteran cannot “be[ ] taxed for the benefit of a third party.” He also argues that the trial court cannot properly order him to pay the wife’s attorney fee from his Social Security disability benefits. In support of that contention, the husband cites 42 U.S.C. § 407(a), which provides:
“The right of any person to any future payment under this subchapter [concerning Social Security old-age, survivors, and disability insurance benefits] shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.”
In his appellate brief, the husband’s argument as to this issue is one page. Other than stating that the statutes cited preclude an attorney fee from being awarded to the wife’s attorney in this case, the husband offers no analysis. He failed to cite any specific legal authority that would support his contention that federal disability benefits paid directly to a disabled veteran cannot then be used to pay the attorney fee of the veteran’s spouse in a divorce action.
“Authority supporting only ‘general propositions of law’ does not constitute a sufficient argument for reversal.” Beachcroft Props., LLP v. City of Alabaster, 901 So.2d 703, 708 (Ala.2004) (quoting Geisenhojf v. Geisenhoff, 693 So.2d 489, 491 (Ala.Civ.App.1997)). This Court will not “create legal arguments for a party based on undelineated general propositions unsupported by authority or argument.” Spradlin v. Spradlin, 601 So.2d 76, 79 (Ala.1992). Because of the complexity of this issue, and because of the paucity of the argument and analysis in the husband’s brief as to this issue, we will not reverse the trial court’s judgment ordering the husband to pay the wife’s attorney fee.
For the reasons set forth above, the judgment of the trial court is affirmed.
AFFIRMED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.

. In his argument to this court, the husband properly cites the anti-attachment clause as 38 U.S.C. § 5301(a). We note that, before May 7, 1991, when the renumbering of certain sections of the United States Code dealing with veterans' benefits became effective, what is now 38 U.S.C. § 5301(a) had been codified at § 3101(a). Accordingly, cases decided before May 7, 1991, including Mansell, refer to § 5301 by its earlier codification number, § 3101.

. In his brief on appeal, the husband, in a single paragraph citing no authority, compares his earnings with those of the wife. Beyond drawing that comparison, however, the husband does not argue that the award of alimony is inequitable, that it cripples him financially, or that it otherwise constitutes an abuse of discretion. A bare comparison of earnings, without anything more, is not a legal argument that an award of alimony was improper. "When an appellant fails to argue an issue in its brief, that issue is waived.” Boshell v. Keith, 418 So.2d 89, 92 (Ala.1982); see also Gary v. Crouch, 923 So.2d 1130, 1136 (Ala.Civ.App.2005) ("this court is confined in its review to addressing the arguments raised by the parties in their briefs on appeal; arguments not raised by the parties are waived”).