THOMPSON, Presiding Judge,
dissenting.
It is axiomatic that an award of periodic alimony and the division of marital property are interrelated and that an appellate court must consider the two together when reviewing the decision of the trial court. Kreitzberg v. Kreitzberg, 131 So.3d 612, 620 (Ala.Civ.App.2013); McClellan v. McClellan, 959 So.2d 658, 660 (Ala.Civ. App.2006). In considering the trial court’s award of periodic alimony and the division of marital property in this case, I agree with Patricia Kyles (“the wife”) that the trial court abused its discretion in awarding her periodic alimony of only $250 a month.
The parties were married for 25 years. During the marriage, Gregory Bernard Kyles (“the husband”) was in the United States Army. At the time of the trial, the husband testified that he had been retired from the Army for eight or nine years; therefore, the husband obviously accumulated military-retirement benefits during the course of the marriage. Pursuant to the federal Uniformed Services Former Spouses’ Protection Act (“USFSPA”), the husband’s disposable military-retirement benefits, as defined by 10 U.S.C. § 1408(a)(4), accumulated during the course of the marriage constitute marital *690 property and, therefore, are subject to equitable division as such. Ex parte Vaughn, 634 So.2d 533, 536 (Ala.1993); Stone v. Stone, 26 So.3d 1232, 1237-38 (Ala.Civ.App.2009). As the United States Senate Committee that initially considered the USFSPA pointed out, “frequent change-of-station moves and the special pressures placed on the military spouse as a homemaker make it extremely difficult to pursue a career affording economic security, job skills and pension protection.” Senate Report No. 97-502 (1982), reprinted in 1982 U.S.C.C.A.N. 1596, 1601; see also Mansell v. Mansell, 490 U.S. 581, 594, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989).
On appeal the wife does not argue that the husband’s military-retirement benefits should have been divided as marital property. She does, however, argue that the award of $250 a month in periodic alimony is inequitable. It appears from the record that the husband’s military retirement was the parties’ largest marital asset. The Defense Finance and Accounting Service statement admitted into evidence indicates that the husband’s monthly military-retirement pay is $1,977, of which $421 is attributable to his Veterans’ Affairs (“VA”) disability benefits, known as the VA waiver. Thus, the husband’s monthly disposable military-retirement benefits total $1,556, or $18,672 annually. I note, however, that VA disability income can be considered when awarding spousal support, i.e., periodic alimony, even when a portion of that support will be paid from the disability income. Nelms v. Nelms, 99 So.3d 1228, 1232-33 (Ala.Civ.App.2012). The husband’s total annual income from his military-retirement pay is $23,724.
The husband also has income from his current job with the Alabama State Docks. He testified that his take-home pay from that job is approximately $1,150 every two weeks, or $2,300 each month. Thus, the husband’s net annual income from his current job is $27,600. When that income is combined with his military-retirement pay, the husband earns approximately $51,324 annually. From that income, the trial court ordered the husband to pay the wife, who has no retirement fund and no income, $250 a month, or $3,000 annually.
After considering the length of the marriage, the husband’s apparent higher earning capacity, the parties’ relative health, see Marshall v. Marshall, 168 So.3d 52, 57 (Ala.Civ.App.2014), and the marital property awarded to each party as set forth in the main opinion, I believe that the periodic-alimony award of $250 a month to the wife is greatly inequitable. The award essentially allows the husband to maintain his standard of living while greatly diminishing the wife’s standard of living.
Because I believe that, under the facts of this case, the trial court abused its discretion in awarding the wife only $250 a month in periodic alimony, I would reverse the judgment and remand the cause for the trial court to fashion a more equitable alimony award and/or a more equitable division of marital property. Therefore, I respectfully dissent.