**Jeffery Lee SWINDLE**

v.

**Mary Yolanda SWINDLE.**

**2140895.**

Court of Civil Appeals of Alabama.

March 18, 2016.

Bill G. Hall, Huntsville, for appellant.

Karen Humphrey, Huntsville, for appellee.

DONALDSON, Judge.

Jeffery Lee Swindle ("the former husband") appeals from a judgment of the Madison Circuit Court ("the trial court") holding the former husband in contempt for failing to comply with the provisions of the parties' divorce judgment and, among other things, awarding Mary Yolanda Swindle ("the former wife") an amount equivalent to 50% of funds the former husband has received, and continues to receive, as a result of his military service.[1] The parties' divorce judgment, which incorporates a settlement agreement between the parties, provides that the former wife is entitled to 50% of the former husband's "disposable" military-retirement pay. Under federal law, military-retirement pay received as a result of disability retirement pursuant to Title 10 U.S.C., Chapter 61, and computed based on a percentage of the disability of the retiree is defined not to be "disposable." 10 U.S.C. § 1408(a)(4)(C). Because some of the funds received by the former husband were, and continue to be, computed based on his disability status and not his years of

---

1. The parties have been before this court in two previous appeals arising from judgments modifying the parties' divorce judgment. The issues in *Swindle v. Swindle,* 55 So.3d 1234 (Ala.Civ.App.2010), concerned periodic alimo- ny and child support. The issues in *Swindle v. Swindle,* 157 So.3d 983 (Ala.Civ.App.2014), concerned income withholding for the payment of a child-support arrearage.

military service, those funds cannot be considered as part of the disposable military-retirement pay awarded to the former wife under the terms of the parties' divorce judgment. Accordingly, we reverse the contempt judgment insofar as it awards the former wife any portion of the former husband's military-retirement pay that is, or was, based on his disability; we affirm the contempt judgment insofar as it awards the former wife a portion of the former husband's military-retirement pay that was not based on his disability; and we remand the cause to the trial court.

*Facts and Procedural History*

The parties were divorced by the trial court on February 21, 2008. The divorce judgment incorporates an agreement reached by the parties, which includes the following provision:

"10. The parties agree that the Husband has been in the United States Army for nineteen (19) years and eight (8) months as of the date of the filing of this action, and the parties were married twenty (20) years as of the date of their separation from each other. As a consequence thereof, it is agreed that the Wife is entitled to a portion of the Husband's military retirement benefits from the Defense Finance & Accounting Service of the Cleveland Center, Cleveland, Ohio, when Husband so retires. It is agreed that the Wife will receive that portion of the Husband's disposable military retirement to which she is mandatorily entitled, which is 50% of the Husband's disposable military retirement, to be calculated based on the date of the parties' separation. It is further agreed that the parties will execute any and all documentation necessary to effectuate the entry of an acceptable Order for purposes of the Defense Finance & Accounting Service making payments directly to the Wife relative to her share of the retirement benefits in question. The Husband will elect Former Spouse Benefit Plan upon retirement and name the Wife as beneficiary upon retirement and said monthly premiums will be deducted from Wife's portion each month."

On July 20, 2012, after 24 years and 9 months of service, the Department of the Army placed the former husband on the temporary-disability retired list ("TDRL") with a 50% disability rating as a result of a combat-related injury. The authorizing statute for his placement on the TDRL is Title 10 U.S.C., Chapter 61, § 1202, which allows for such a placement if it is determined that the military member might be permanently disabled and would be qualified for permanent retirement as a result of a disability pursuant to 10 U.S.C. § 1201. The former husband received a letter dated July 26, 2012, regarding his status and expected benefits. That letter informed the former husband that, based on his years of military service, his monthly gross pay for the first month he was on the TDRL would be $1,468.13 and that, thereafter, his monthly gross pay would be $4,004. The letter notified the former husband of his option to elect a different method of pay computation within a 45–day period; he could elect payments based on his years of accumulated military service or, in the alternative, payments based on his disability status. The former husband's retirement-account statements show that, while he was on the TDRL, he received $4,004 per month until December 31, 2013, and that, thereafter, he received $4,024 per month.

After further medical examination, the former husband's condition was determined to have worsened, and he was assigned a 70% disability rating. On August 20, 2014, the former husband was placed on the permanent-disability retired list ("PDRL") pursuant to 10 U.S.C. § 1201.

The former husband received a letter dated September 17, 2014, notifying him that he was entitled to receive retirement pay computed by using either 1) his disability percentage of 70%, which qualified him to receive a gross pay in the amount of $4,551 per month, or 2) his years of service, which qualified him to receive gross pay in the amount of $4,024 per month. The September 17, 2014, letter, informed the former husband that he would receive $4,551 per month by default and that he had 45 days to elect the other method of computing his retirement pay. The former husband's retirement-account statements show that, after his placement on the PDRL, he received $4,551 in monthly gross pay.

The former wife did not receive any portion of the payments received by the former husband. On April 16, 2014, the former wife filed a petition seeking an order of contempt against the former husband for failing to provide her with 50% of his disposable military-retirement pay, as required by the parties' divorce judgment. The former wife also sought additional findings of contempt against the former husband, alleging that the former husband had failed to pay all the alimony owed to her, had failed to pay for 50% of all the uninsured medical expenses for their children, and had failed to name her as a beneficiary under his survivor benefit plan. The former husband filed an answer alleging that the retirement income he was receiving consisted of disability benefits and was not "disposable" military-retirement pay as contemplated by the divorce judgment. He also petitioned for a finding of contempt against the former wife, alleging that she had harassed him through various forms of communication and social media.

The former husband's counsel withdrew from the case. On March 30, 2015, the trial court conducted a hearing at which the former husband represented himself. The parties testified and submitted documentation. Both parties testified to their understanding of the provision in the divorce judgment regarding military-retirement pay. The former wife testified that she had been unable to obtain approval from the Defense Finance and Accounting Service ("DFAS") to receive 50% of the former husband's military-retirement pay. The former husband testified that he had refused to complete documentation related to the former wife's application to obtain the funds because he believed that the benefits he was receiving were not "disposable" military-retirement pay.

On June 18, 2015, the trial court entered a judgment finding the former husband in contempt for failing to pay all the alimony owed to the former wife, for failing to pay 50% of all of their children's uninsured medical expenses, for failing to name the former wife as beneficiary under his survivor benefit plan, and for failing to cooperate with the former wife to allow her to obtain 50% of the military-retirement pay he was entitled to after he became retired. The trial court found the following regarding the former husband's military-retirement pay:

"The Court finds that a July 26, 2012 Letter from DFAS ... outlines the [former husband's] retirement base pay of $4,004.00 which is Method B pay. A September 17, 2014 letter from DFAS explains the difference between Method A pay based upon a percentage of disability pay and Method B pay which is based upon the number of years in service. Method B pay is $4,004.00 with a cost of living increase adjustment to $4,024.00. It is clear that the [former husband] began his retirement receiving Method B pay, which is disposable retirement pay.

"....

"The [former husband] voluntarily and unilaterally elected to receive Method A pay in September 2014 and began to receive pay based on the percentage of disability formula. The Selected Entitlement Data form from DFAS shows [the former husband's] original election was nondisability retirement (Method B) but that his new election of pay was for disability benefits (Method A) effective August 21, 2014. This election effectively circumvented the award to the [former wife] of the [the former husband's] retirement pay.

"From July 2012 through November 2013 [the former husband] received retirement benefits of $4,004.00 per month. From December 2013 through August 2014, he received retirement benefits of $4,024.00 per month. In September 2014, after unilaterally electing to begin receiving disability benefits, the former husband's benefits increased to $4,551.00 per month which he continues to receive. The Court finds that, after reducing the retirement pay by the Survivor Benefit Premium and VA waiver, the [former husband's] contemptuous conduct had deprived the [former wife] of her award of 50% of his retirement pay, totaling $60,246.45."

The trial court awarded the former wife $60,246.45 and ordered the former husband either to pay the former wife 50% of his future military-retirement pay or to convert the method of computing his benefits so that the former wife could apply to receive through DFAS the portion of his "disposable" military-retirement pay she was awarded in the divorce judgment. In addition, the trial court ordered the former husband to pay his share of the children's uninsured medical expenses, to pay any unpaid alimony, and to name the former wife as beneficiary under his survivor benefit plan. The former husband was ordered to serve 50 days in jail unless he complied with the trial court's orders regarding his payment obligations. The trial court denied all other requested relief. On July 29, 2015, the former husband filed a notice of appeal to this court.

*Discussion*

█ The divorce judgment awarded the former wife 50% of the former husband's "disposable" military retirement pay as part of the parties' property settlement. The former husband contends that the former wife is not entitled to 50% of the funds that he is receiving as a result of his military service because the funds do not constitute "disposable" military-retirement pay. The former husband asserts that he retired involuntarily from military service based on a physical disability pursuant to Title 10 U.S.C., Chapter 61. Our supreme court "has recognized that 'disposable military retirement benefits, as defined by 10 U.S.C. § 1408(a)(4), accumulated during the course of the marriage constitute marital property and, therefore, are subject to equitable division as such.'" *Ex parte Billeck,* 777 So.2d 105, 108 (Ala.2000) (quoting *Ex parte Vaughn,* 634 So.2d 533, 536 (Ala. 1993)). We therefore look to § 1408(a)(4) to address the issue presented.

The amount of military-retirement pay that is divisible as marital property is subject to the exclusions provided in 10 U.S.C. § 1408(a)(4). The former husband argues that the pay he is receiving is not considered "disposable" pursuant to 10 U.S.C. § 1408(a)(4)(C), which states:

"(4) The term 'disposable retired pay' means the total monthly retired pay to which a member is entitled less amounts which—

" . . . .

"(C) in the case of a member entitled to retired pay under chapter 61 of this title, are equal to the amount of

retired pay of the member under that chapter computed using the percentage of the member's disability on the date when the member was retired (or the date on which the member's name was placed on the temporary disability retired list)"

The documentation in the record shows that the former husband retired involuntarily pursuant to Title 10, Chapter 61, § 1201 and § 1202. For military members who retire pursuant to those statutes, the monthly retirement pay is computed by using either the number of years of the member's service or the percentage of the member's disability. 10 U.S.C. § 1401. Section 1408(a)(4)(C), however, excludes only the amount "computed using the percentage of the member's disability" from the amount of military-retirement pay considered "disposable."

The July 26, 2012, letter and the retirement account statements in the record support the trial court's finding that the military-retirement pay the former husband received while he was on the TDRL was computed using the number of years of his service. The former husband fails to contest that finding, and he offers no other legal authority other than § 1408(a)(4)(C) for excluding any of the pay he received during that period. Therefore, the former husband has failed to demonstrate that the contempt judgment should be reversed insofar as it determined that the former wife is entitled to 50% of the military-retirement pay he received while on the TDRL and insofar as it levied sanctions against him for the former wife's nonreceipt of 50% of those funds.

On the other hand, the September 17, 2014, letter and the retirement-account statements show that the former husband's military-retirement pay was thereafter computed using the percentage of his disability after he was placed on the PDRL. As a result, the military-retirement pay the former husband has received while on the PDRL is not, pursuant to 10 U.S.C. § 1408(a)(4)(C), "disposable."

■ The former wife argues that she is entitled to 50% of the former husband's military-retirement pay because the former husband elected, without her consent, to receive military-retirement pay computed according to his disability percentage rather than his years of service. In *Ex parte Billeck*, our supreme court considered a case involving a former spouse's voluntary and unilateral waiver of receipt of military-retirement pay in favor of veteran's disability benefits; the former spouse elected to make the waiver after the entry of a divorce judgment awarding a portion of his military-retirement pay to the other former spouse. The supreme court held that any veteran's disability benefits paid in lieu of military-retirement pay are excluded, by 10 U.S.C. § 1408(a)(4), from division as marital property. *Billeck*, 777 So.2d at 109. The former husband points out that the divorce judgment in this case does not contain a limiting provision or language prohibiting him from electing to receive military-retirement pay computed based on the percentage of his disability. See, e.g., *Stone v. Stone*, 26 So.3d 1232, 1239 (Ala.Civ.App.2009)(upholding the limiting provision in a divorce judgment prohibiting the unilateral waiver of receipt of military-retirement pay in order to receive veteran's disability benefits). We must apply the terms of the divorce judgment incorporating the settlement agreement reached by the parties as it was written, not how it might have been written otherwise. We conclude that the former husband was not required to obtain the former wife's consent in electing a method of payment based on his disability percentage.

For the foregoing reasons, we reverse the contempt judgment insofar as it awarded the former wife an amount equivalent to 50% of the former husband's military-retirement pay received while he was on the PDRL, ordered the former husband to convert the method for computing his military-retirement pay, and awarded the former wife 50% of the former husband's future military-retirement pay. We affirm the contempt judgment insofar as it awards the former wife an amount equivalent to 50% of the former husband's military-retirement pay received while he was on the TDRL. We remand the cause for proceedings consistent with this opinion.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

T.T.